**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| HOSEA L. ROBINSON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 4:18-cv-1224-CDP |
| | ) | |
| STANLEY PAYNE, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER FOR PETITIONER TO SHOW CAUSE

This matter is before me upon review of petitioner Hosea L. Robinson's amended petition for writ of habeas corpus. Because it appears petitioner has not fully presented his claims to the Missouri state courts, I will require petitioner to show cause why this action should not be dismissed due to his failure to exhaust available state remedies. 28 U.S.C. § 2254(b)(1)(A); Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

### Background

Petitioner is an inmate at the Eastern Reception, Diagnostic and Correctional Center ("ERDC"). He initiated this action on July 13, 2018 by filing a document that appeared to be a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. However, the petition was defective because petitioner had not prepared it using the Court's form, and necessary information was omitted. In addition, petitioner neither paid the filing fee nor sought leave to proceed *in forma pauperis*. In a Memorandum and Order dated August 2, 2018, I directed petitioner to remedy the defects in the petition and to either pay the filing fee or file a motion to proceed *in forma pauperis*. On August 20, 2018, petitioner filed an amended petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, and he paid the statutory filing fee.

In the amended petition, petitioner challenges a state court judgment and sentence entered in *State v. Robinson,* No. 1722-CR04070-01 (22nd Jud. Cir. 2018).  There, on February 1, 2018, a jury convicted petitioner of statutory rape.  On May 21, 2018, petitioner was sentenced to serve 20 years in prison.  On July 2, 2018, petitioner filed a motion for post-conviction relief pursuant to Missouri Supreme Court Rule 29.15.  *Robinson v. State of Missouri*, No. 1822-CC10735 (22nd Jud. Cir. 2018).  As of the date of this Memorandum and Order, that motion remains pending in the circuit court.  Finally, on August 31, 2018, petitioner filed a motion for leave to file a late notice of appeal, and on September 4, 2018, the Missouri Court of Appeals granted petitioner's motion.  As of the date of this Memorandum and Order, petitioner's direct appeal remains pending in the Missouri Court of Appeals.  *See State of Missouri v. Hosea L. Robinson*, No. ED107079 (E.D. Mo. 2018).

In the instant amended petition, petitioner claims that the State discriminated against him, violated his right to due process, and violated his right to a fair and speedy trial.  Petitioner appears to attempt to set forth other grounds for relief, but in doing so states only that he is not in contact with counsel and cannot answer any questions for fear of perjury.

## Discussion

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts provides that a district court shall summarily dismiss a § 2254 petition if it plainly appears that the petitioner is not entitled to relief.

Under 28 U.S.C. § 2254(b)(1),

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that–
   (A) the applicant has exhausted the remedies available in the courts of the State . . .

In the case at bar, both petitioner's direct appeal and his post-conviction proceedings are currently pending in the Missouri State courts. I will therefore order petitioner to show cause why this action should not be dismissed, without prejudice, due to his failure to exhaust the remedies available in the courts of the State. Such a dismissal would be without prejudice to petitioner filing a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 after exhausting all available State court remedies.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner shall show cause, in writing and no later than thirty (30) days from the date of this Memorandum and Order, why the instant petition should not be dismissed, without prejudice, due to his failure to exhaust his state court remedies.

**Petitioner's failure to timely comply with this Order shall result in the dismissal of this action, without prejudice and without further notice.**

Dated this 5th day of September, 2018.

CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

3