# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| HOSEA L. ROBINSON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 4:18-cv-1224-CDP |
| | ) | |
| STANLEY PAYNE, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

This matter is before me upon petitioner Hosea L. Robinson's response to my September 5, 2018 Order directing him to show cause why his amended petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 should not be dismissed due to his failure to exhaust his available state court remedies. After reviewing and considering petitioner's response, I have determined to dismiss this case without further proceedings.

As fully set forth in my September 5, 2018 Order, petitioner initiated this 28 U.S.C. § 2254 action although both his motion for post-conviction relief and his direct appeal remain pending in the Missouri State courts. *See Robinson v. State of Missouri*, No. 1822-CC10735 (22nd Jud. Cir. 2018) and *State of Missouri v. Hosea L. Robinson*, No. ED107079 (E.D. Mo. 2018). I therefore directed him to show cause why his amended petition should not be dismissed due to his failure to exhaust his available state court remedies. In response, petitioner filed a document he apparently intended as a supplement to his amended petition, and he also filed a motion seeking leave to submit evidence of "callous indifference." (Docket Nos. 8 and 9). In neither document did petitioner argue that he has in fact exhausted his available state court remedies. Instead, he set forth a series of rather incoherent and legally conclusory statements,

none of which can be liberally construed as establishing adequate cause why his petition should not be dismissed.

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts provides that a district court shall summarily dismiss a § 2254 petition if it plainly appears that the petitioner is not entitled to relief.

Under 28 U.S.C. § 2254(b)(1),

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that–
    (A) the applicant has exhausted the remedies available in the courts of the State . . .

In the case at bar, both petitioner's direct appeal and his post-conviction proceedings are currently pending in the Missouri State courts, and petitioner has failed to establish cause why the amended petition should not be dismissed due to his failure to exhaust his available state court remedies. I will therefore dismiss this case, without prejudice, pursuant to Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts.

I have considered whether to issue a certificate of appealability. To do so, I must find a substantial showing of the denial of a federal constitutional right. *See Tiedeman v. Benson*, 122 F.3d 518, 522 (8th Cir.1997). A substantial showing is a showing that issues are debatable among reasonable jurists, a Court could resolve the issues differently, or the issues deserve further proceedings. *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997) (*citing Flieger v. Delo*, 16 F.3d 878, 882–83 (8th Cir. 1994)). Because petitioner has made no such showing, I will not issue a certificate of appealability.

Accordingly,

**IT IS HEREBY ORDERED** that this case is **DISMISSED** without prejudice. A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that petitioner's Motion for Hearing (Docket No. 4) is **DENIED** as moot.

**IT IS FURTHER ORDERED** that petitioner's Motion to Submit Into Evidence of Callous Indifference (Docket No. 9) is **DENIED** as moot.

**IT IS FURTHER ORDERED** that no certificate of appealability shall issue.

Dated this 29th day of October, 2018.

*/s/ Catherine D. Perry*
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE